### In re FREDERICK PETROLEUM CORPORATION, Debtor.

Bankruptcy Nos. 2–85–00741, 31–1017875.

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 27, 1988.

**274**

Frederick R. Reed, Vorys, Sater, Seymour and Pease, Columbus, Ohio, for Texas American Bank/Galleria, N.A. ("TAB").

Larry E. Staats, Columbus, Ohio, Chapter 7 Trustee.

Dan Favereau, McConnelsville, Ohio, Thomas E. Lodge, Thompson, Hine and Flory, Columbus, Ohio, for Glenda Exploration & Development Corp. ("GEDCO").

Thomas R. Lloyd, Cambridge, Ohio, for debtor.

James S. Huggins, Theisen, Brock, Frye, Erb & Leeper Co., L.P.A., Marietta, Ohio, for SEOR, Inc.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for various landowners.

Nora E. Jones, Isaac, Brant, Ledman & Becker, Columbus, Ohio, for Paul V. Jones, Chapter 11 trustee.

Timothy B. Matthews, Cincinnati, Ohio, for Objecting Parties.

E. James Hopple, Schottenstein, Zox & Dunn, Columbus, Ohio, for Unsecured Creditors' Committee.

ORDER DECLINING TO APPOINT ELECTED TRUSTEE AND CONTINUING INTERIM TRUSTEE AS TRUSTEE OF ESTATE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a report of election, an objection to the election and a response to that objection. The matters were heard by the Court.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This matter, involving the identity of the person to administer this estate, is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

This case, now a Chapter 7 liquidation proceeding, was transferred to this bankruptcy judge by another judge in this Court about two years ago. While the case was in Chapter 11, this Court held a number of hearings, observed the parties at various times and heard many of the issues which continue to affect the fates of creditors of Frederick Petroleum Corporation.

This latest contested matter relates to the election of Dan Favereau as trustee. That election occurred at the meeting of creditors held on August 26, 1988, but was later objected to on behalf of Energy Distributors, Inc., Textron Oil Corporation, Fred Ginn, James Dennis, Helen Dennis and Frank Donia. That objection, which alleged procedural and substantive difficulties with the election, was responded to on behalf of SEOR, Inc. ("SEOR"), and Glenda Exploration and Drilling Corporation ("GEDCO") for itself and certain limited partnerships.

There were significant issues raised about the regularity of the election in this case. Specifically it was not clear who was to preside, there was no estate administrator present and there was at least one creditor who requested a continuance in order to determine whether the individual proposed for election could adequately serve the interests of the estate. In fact, such irregularities were significant enough that if it so chose, the Court could decline to uphold the election on those grounds alone. Because the issue goes deeper than that, however, this decision is based upon other grounds.

It is obvious to the Court that two major creditors, who have either been a

significant target of the debtor or have asserted interests adverse to the estate, decided they had the votes to elect a trustee they could convince of their needs. While the Court understands that the Bankruptcy Code gives unsecured creditors the right to elect a trustee in appropriate instances, such selection and method of selection must still be subject either to approval by the Court or, in cases under the jurisdiction of the United States Trustee, to approval by that officer.

At the time of the hearing the Court disqualified the vote of SEOR because SEOR has interests which are substantially adverse to the interests of unsecured creditors of this estate. See 11 U.S.C. § 702(a)(2). Although SEOR holds a large unsecured claim, it has asserted and continues to assert a security interest and mortgage against almost all of the debtor's assets. In the context of this particular case SEOR has taken numerous positions which are adverse to those of general unsecured creditors. Therefore, without finding that an undersecured creditor may never vote to elect a trustee, the Court found that SEOR's vote was inappropriate in the context of this case.

■ GEDCO, as the other substantial creditor who voted for Dan Favereau, holds in excess of 20% of the unsecured claims against this estate, without any necessity to count SEOR's ballot. Therefore, GEDCO has satisfied that threshold requirement for casting a vote for a trustee. 11 U.S.C. § 702(b) & (c). For reasons stated below, however, the Court declines to approve that election.

Very little guidance exists for determining the appropriate standards against which to examine either an election or the person elected to serve as trustee of a Chapter 7 bankruptcy estate. The requirements and qualifications for an interim trustee, who continues to serve as permanent trustee absent an election, are set forth in 11 U.S.C. § 701(a). But where an individual is selected by unsecured creditors to serve as trustee, the qualifications are less clear. Even an elected trustee, however, must be eligible under 11 U.S.C.

§ 321 to serve as a trustee in a case under Title 11.

Section 321 requires only that the person elected be an individual who is competent to perform the duties of trustee and, in a case under Chapter 7, reside or have an office in this district. The individual elected in this case, Dan Favereau, indicated to the Court by testimony that he was an attorney practicing in McConnelsville, Ohio. He also stated that he was essentially a general practitioner, but that he had had extensive experience in the area of oil and gas law and, therefore, could examine the estate's titles to oil and gas leases and could liquidate various properties which may be property of this estate. Dan Favereau candidly indicated that he had almost no bankruptcy experience and had never before been a trustee in a bankruptcy case. He was uncertain as to whether he would retain counsel to represent him. He further stated that he had not reviewed the file prior to his appearance at the hearing. Favereau was not present at the creditors' meeting when he was elected trustee, although SEOR and GEDCO's representatives had mentioned to him the possibility of his election.

Dan Favereau impressed the Court as an individual without adverse interests who might be interested and available to serve as a trustee in bankruptcy. However, without casting any aspersions on Mr. Favereau, the Court does not feel that this is an appropriate case for Mr. Favereau's first assignment as a trustee. The trustee in this particular case must be a person who is extensively experienced in bankruptcy law and issues. The oil and gas knowledge certainly is useful, but it is substantially secondary. Because there are many unresolved bankruptcy issues with significant legal questions, including a pending appeal which affects the estate's interests in numerous oil and gas leases, and because significant issues exist as to what comprise the interests of this estate, there will be no quick resolutions or liquidations. Rather, this case is one for which a person found competent to serve as trustee must be someone possessing extensive bankrupt-

cy expertise and experience. This is not a case in which the Court should appoint an individual unversed in the various causes of actions and issues which are peculiar to bankruptcy.

Based upon the foregoing, the Court cannot find that Dan Favereau is competent to be appointed as trustee in this particular case within the meaning of 11 U.S.C. § 321. Therefore, the election will not be upheld or certified and the interim trustee, Larry E. Staats, will continue as trustee of this estate.

IT IS SO ORDERED.